UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR13-0079JLR |
| Plaintiff, | ORDER |
| v. | |
| PHILLIP SARRO, | |
| Defendant. | |

Before the court is Defendant Phillip Sarro's motion for early termination of supervised release. (Mot. (Dkt. # 56).) Plaintiff United States of America (the "Government") opposes his motion (Gov't Resp. (Dkt. # 59)), as does the United States Probation and Pretrial Services ("Probation") (Probation Resp. (Dkt. # 58 (sealed))). The court has considered the parties' submissions, the relevant portions of the record, and applicable law. Being fully advised, the court DENIES Mr. Sarro's motion.

In 2007, Mr. Sarrio pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B) and was sentenced by the U.S. District Court for the

ORDER - 1

Northern District of New York to 78 months of imprisonment followed by a lifetime term of supervised release.  (Mot. at 2; Gov't Resp. at 2.)  Mr. Sarro's term of supervised release began on February 6, 2013, and his case was transferred to the Western District of Washington on March 14, 2013.  (Mot. at 2; 3/14/13 Order (Dkt. # 1).)  Mr. Sarro's special conditions of supervised release included the following:  mental health treatment, including treatment for sexual deviancy; sex offender registration; no contact with victims; polygraph testing; and a prohibition on the possession of any electronic devices, such as computers or storage devices.  (*See* 4/1/13 Order (Dkt. # 3).)

Between 2016 and 2018, Mr. Sarro violated the terms of his supervised release on three occasions by using marijuana and accessing Facebook.  (*See generally* Dkt.)  In November 2018, the court revoked Mr. Sarro's supervised release after he admitted to possessing personal internet capable devices, failing to comply with the internet usage agreement, and using an internet capable device for non-employment purposes.  (*See* 11/5/18 Judgment (Dkt. # 38).)  The court imposed a sentence of 45 days in custody and a lifetime of supervision.  (*Id*.)  The court again revoked Mr. Sarro's term of supervised release in February 2019 for admitting to possessing an internet capable device for non-employment purposes and failing to truthfully answer a probation officer's questions.  (*See* 2/6/19 Judgment (Dkt. # 52).)  The court imposed a sentence of 180 days in custody and a lifetime of supervision for these violations.  (*Id*.)  Mr. Sarro was released in July 2019 and has not violated the terms of his supervision since.  (*See* Mot. at 2; Gov't Resp. at 4.)

|    |    |
|----|----|
| 1  | Mr. Sarro now seeks early termination of supervision because of his "recent |
| 2  | success on supervision and in light of his fragile health." (Mot. at 1.) Mr. Sarro asserts |
| 3  | that he "has found his footing," pointing to his regular attendance at sessions with a sex |
| 4  | offender group and long tenure with his employer. (*Id.* at 2-3.) Mr. Sarro suffers from |
| 5  | cardiovascular disease and would like to retire and "move to a less expensive area of the |
| 6  | country." (*Id.* at 3.) In opposition to Mr. Sarro's request, the Government argues that |
| 7  | Mr. Sarro's continued supervision is necessary to protect the public. (Gov't. Resp. at 4.) |
| 8  | The Government argues that much of Mr. Sarro's "success seems attributable to the |
| 9  | stability and accountability that supervision provides," and notes that Mr. Sarro's |
| 10 | attendance at the sex offender group sessions is a condition of his supervised release, |
| 11 | rather than a justification for terminating supervision. (*Id.*) Moreover, the Government |
| 12 | asserts that Mr. Sarro could move to a more affordable area without terminating |
| 13 | supervision by applying to transfer supervision to another jurisdiction. (*Id.* (citing 18 |
| 14 | U.S.C. § 3605).) Finally, the Government cites Mr. Sarro's repeated failure to comply |
| 15 | with the terms of his supervised release, including his unauthorized possession of internet |
| 16 | capable devices. (*Id.*) |
| 17 | After considering the factors set forth in 18 U.S.C. § 3553(a), a court may |
| 18 | "terminate a term of supervision . . . at any time after the expiration of one year of |
| 19 | supervised release" if such action is warranted by the defendant's conduct and in the |
| 20 | interests of justice. *See* 18 U.S.C. § 3583(e)(1). The crime to which Mr. Sarro pleaded |
| 21 | guilty was very serious, as reflected by the sentence he served and the lifetime term of |
| 22 | supervised release. Although Mr. Sarro's violations of the terms of his supervised release |

did not include new criminal violations, they were sufficiently recent that the court is reluctant to terminate supervision. If Mr. Sarro remains on supervised release, Probation can continue to monitor his conduct and provide the necessary resources and support to ensure he continues on his path to reform.[1] Accordingly, on balance, the court finds that Mr. Sarro's conduct, the interests of justice, and the factors laid out in 18 U.S.C. § 3553(a) do not support early termination.

For the foregoing reasons, the court DENIES Mr. Sarro's motion for early termination of supervised release (Dkt. # 56).

Dated this 24th day of October, 2022.

JAMES L. ROBART
United States District Judge

---

[1] Mr. Sarro may apply to transfer his supervision to another jurisdiction in order to retire to a more affordable area. *See* 18 U.S.C. § 3605.

ORDER - 4